Per Curiam.

Consolidations are naturally favored by the courts to save the time of litigants, witnesses, attorneys and the courts themselves in unnecessary duplicative proceedings and trials, thus expediting easing of the calendar congestion, and at the same time avoiding possible inconsistency of verdicts or decisions resulting from separate trials. Such considerations may not be permitted, however, to outweigh the element of substantial prejudice to any party which, it is affirmatively shown, would arise from the consolidation or joint trial (Civ. Prac. Act, § 96). Evidence that one of two defendants in a Municipal Court action has settled with the plaintiffs would be admissible *324 on the trial of such action in mitigation of the damages recoverable against the remaining defendant. There can be no doubt that such evidence would be prejudicial to the settling defendant in the trial of the actions brought against him by the “ remaining defendant ” as plaintiff. That evidence would be admissible in the latter trial only if consolidation were ordered. Justice does not sanction the injection of prejudicial matter in the guise of a belated request for consolidation, particularly where the action whose consolidation is opposed presently involves only inconsequential damages. Proper instructions by the trial court to the jury cannot be relied on as a complete assurance of removal of such prejudice. The circumstances here shown do not, in the face of the claim of prejudice, warrant injection by way of consolidation of that issue in actions where it does not belong.
The order should be modified by striking therefrom the provision directing removal of Action No. 2 and its consolidation with Action No. 1, and as modified affirmed, with $10 costs and disbursements to appellant.
Eder, Schreiber and Hecht, JJ., concur.
Ordered accordingly.